**MINUTE ENTRY**
**KNOWLES, M.J.**
**OCTOBER 6, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL ATKINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7769** |
| **WARRIOR ENERGY SERVICES CORPORATION, ET AL.** | **SECTION "A" (3)** |

On this date, Defendants' Motion to Compel Responses to Second Set of Interrogatories and Requests for Production of Documents [Doc. #26] and Defendants' Motion to Compel Independent Medical Evaluation [Doc. #28] came on for oral hearing before the undersigned. Present were Jason MacFetters on behalf of plaintiff and Brett Fenasci on behalf of defendants. For the reasons stated on the record and pursuant to the agreement of the parties,

**IT IS ORDERED** that Defendants' Motion to Compel Responses to Second Set of Interrogatories and Requests for Production of Documents [Doc. #26] is GRANTED AS UNOPPOSED. Plaintiff shall respond to defendant's outstanding discovery requests no later than ten (10) days from the date of the hearing.

After the oral hearing, the Court took Defendants' Motion to Compel Independent Medical Evaluation [Doc. #28] under advisement. The Court also ordered plaintiff to produce the medical

```
MJSTAR(00:05)
```

records of Drs. Thomas Lyons and Felix Savoie, III to the Court for review. Having reviewed the motions, the memoranda, the case law, the parties' arguments and the medical records, the Court rules as follows.

**I.    Background**

This is a Jones Act suit. In August 2009, plaintiff was employed by Warrior Energy Services Corporation ("Warrior") and assigned to the L/B HERCULES WOLFFISH. Plaintiff was working aboard a fixed platform identified as OCS-G 3019/MU 757B. Defendants H.I.S. Fire & Safety Equipment ("H.I.S.") and Apache Corporation ("Apache") (collectively, with Warrior, "defendants") owned, operated or controlled the vessel or the platform and were conducting operations aboard the vessel and/or the platform. On August 1, 2009, plaintiff sustained injuries aboard the platform, including injuries to his right shoulder and to other parts of his body. Plaintiff allegedly slipped on a tool that had negligently been left on the beams that he was climbing. Plaintiff sues defendants in negligence.

**II.    The Parties' Contentions**

**A.    Defendants**

After his accident, Warrior arranged for plaintiff to receive treatment from a Lafayette-based orthopedist, Dr. Gregory Gidman, as part of its cure obligation. After said treatment, plaintiff filed suit. During the course of the litigation, plaintiff's counsel chose a local orthopedist, Dr. Thomas Lyons, to examine plaintiff. Defendants now ask the Court to order plaintiff to submit to an IME before a local physician of their choosing, Dr. Terry Habig.

Defendants contend that there is no dispute that the physical or mental state of plaintiff is in controversy. To support good cause for the IME, defendants argue that they have a right to have

plaintiff examined by a local orthopedist. Citing case law, defendants contend that Dr. Gidman's initial treatment of plaintiff before suit was filed does not preclude an IME now, during the course of this litigation. Lastly, defendants contend that the treatment by Dr. Gidman was at Warrior's behest before suit, when H.I.S. and Apache were not involved. Defendants thus argue that H.I.S. and Apache have a right to have plaintiff evaluated by a physician of their choosing.

### B.     Plaintiff

Plaintiff notes that Dr. Gidman treated him on August 3 and October 1, 2009. Plaintiff opposes treatment by Dr. Habig but is willing to return to Dr. Gidman for a third evaluation. Citing a case from this Court, plaintiff argues that good cause does not exist for a second doctor of the defendant's choosing when the plaintiff has already undergone treatment by a doctor of defendant's choosing prior to litigation. Plaintiff points out that the wording of Rule 35 speaks of "a" single medical examination no matter how many defendants exist. Accordingly, plaintiff contends, simply because there are three defendants here does not constitute good cause for a "second" IME.

### III.    Law and Analysis

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown." Fed. R. Civ. P. 35(a). Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Rule 35(a) is generally construed liberally in favor of granting discovery. *See Lahr v. Fulbright & Jaworski,*

*L.L.P.,* 164 F.R.D. 204, 207 n. 1 (N.D. Tex. 1996) (observing that Rule 35(a) should be interpreted liberally to further discovery).

Here, there is no question that plaintiff's physical state is in controversy. And the Court now finds that defendants have shown good cause for the IME at defendant's behest. Simply because Warrior sent plaintiff to Dr. Gidman to satisfy its cure obligation before litigation had even begun does not mean that an IME has even occurred in this suit. In *McClanahan v. Transocean Offshore International Ventures Ltd.*, the court noted:

> As Transocean points out, no independent medical examination of McClanahan has been conducted as of yet. The only medical opinions that have been rendered regarding the impact of McClanahan's injury are those of Dr. Brown and Dr. George, both of whom are McClanahan's treating physicians and neither of whom were requested by Transocean to perform an IME, and Dr. Henderson, who was enlisted by McClanahan. All Jones Act employers have an obligation to pay for the injured seaman's cure, and McClanahan has provided no authority depriving such employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians.

Civ. A. No. 05-2099, 2006 WL 2989243, at *2 (E.D. La. Oct. 19, 2006); *see also Thompson v. Norman Offshore Pipelines, Inc.*, Civ. A. No. 95-172, 1995 WL 562300 (E.D. La. Sept. 20, 1995) (ordering plaintiff to submit to IME even though defendant had sent him to a physician after accident).

The Court also finds instructive the reasoning in *Evans v. Noble Drilling Corp.*, Civ. A. No. G-06-599, 2007 WL 2818001 (S.D. Tex. Sept. 25, 2007). In *Evans*, and after the plaintiff suffered his accident, the defendant "[p]ursuant to [its] obligation to provide cure as Plaintiff's Jones Act employer," sent the plaintiff to four treating physicians. *Id.* at *1. The *Evans* plaintiff ultimately came under the care of a Dr. Mark Henry, who operated on him. *Id.* The court also noted that "[a]lthough Defendant arranged and paid for much of Plaintiff's prior medical treatment, Defendant

4

has not yet requested, and Plaintiff has not yet undergone, a Rule 35(a) independent medical examination *in relation to this litigation*." *Id.* (emphasis added). The *Evans* plaintiff argued that because defendant allowed Dr. Henry to treat him for his injuries, Dr. Henry's examination should suffice as an IME. *Id.*

> Relying heavily on *McClanahan*, the court rejected the plaintiff's argument:
>
> As Defendant points out, arguments similar to those asserted by Plaintiff have been put before district courts in the Fifth Circuit and rejected. In *McClanahan v. Transocean Offshore Int'l Ventures, Ltd.,* the plaintiff argued that the defendant failed to show good cause supporting an independent medical examination. 2006 WL 2989243 at *2 (W.D. La. Oct 19, 2006). The crux of the plaintiff's argument was that the defendant could look to the medical examinations already conducted by the plaintiff's treating physicians, which, like in this case, were provided by the defendant under its obligation to proffer cure as plaintiff's Jones Act employer. *Id.* The court observed "[a]ll Jones Act employers have an obligation to pay for the injured seaman's cure, and [the plaintiff] has provided no authority depriving such employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians." *Id.* Similarly, the Plaintiff here has not provided authority, and the Court is not aware of any, explicitly denying Jones Act employers independent medical examinations on the grounds that they chose and/or paid for their employees' treating physicians. While the Western District of Louisiana's opinion is certainly not binding authority, this Court finds its reasoning sound and persuasive.

*Id.* at *2. This Court agrees with the reasoning underlying the *McClanahan* and the *Evans* courts. There is no evidence before this Court that defendants have ever requested an IME under Rule 35 in relation to this litigation. Dr. Gidman's treament here occurred before litigation began, and defendants never asked Dr. Gidman to perform an IME. Defendants sent plaintiff to Dr. Gidman as part of its cure obligation, not to undergo an IME.

As did the *Evans* court, this Court notes that the *McCLanahan* court relied on discrepancies in the medical records to hold as it did and the *Evans* court did not. This Court has reviewed the medical records of all three doctors and finds that there are few medical discrepancies between the

reports.  However, the Court also finds that plaintiff's last visit with Dr. Gidman was October 1, 2009, long before plaintiff even filed suit.   Dr. Lyons has treated plaintiff no less than four times, and Dr. Savoie, the shoulder specialist to whom Dr. Lyons referred plaintiff, treated him most recently on June 30, 2010.  Much could have changed between the time that Dr. Gidman last treated plaintiff and plaintiff's most recent visit to Dr. Savoie.

Plaintiff relies on *Baggs v. Highland Towing, L.L.C.*, No. Civ. A. 99-1318, 1999 WL 539459 (E.D. La. July 22, 1999).  But *Baggs* appears to be inapposite.  There, the court refused to order plaintiff to submit to a *second* IME when "plaintiff ha[d] already voluntarily submitted to examination by one orthopedic physician selected by defendant through its hired representative, a claims adjuster and investigator named Tom Kellum." *Id.* at *1.  Thus, in *Baggs*, it appears that the plaintiff had already submitted to one IME at the defendant's behest.  That is not the case here.  Defendants sent plaintiff to Dr. Gidman for treatment after plaintiff's accident, not for an IME.  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Independent Medical Evaluation [Doc. #28] is GRANTED, in that plaintiff shall submit to an IME before Dr. Terry Habig at defendants' cost **no later that ten (10) days from the date of the hearing** or as soon as the appointment can be scheduled.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**